## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRIAN DRESKY, | CIVIL ACTION   1:14-cv-06329 |
| Plaintiff, | |
| v. | COMPLAINT |
| GALBO SIMS HOLDINGS LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

### COMPLAINT FOR RELIEF PURSUANT
### TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, BRIAN DRESKY ("Brian"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, GALBO SIMS HOLDINGS LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Brian brings this action as a consumer to secure redress for unlawful collection practices committed by Defendant. Brian alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### JURISDICTION AND VENUE

2.   Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 47 U.S.C. §227 (TCPA), and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim (ICFA) pursuant to 28 U.S.C. §1367.

3.  Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and Defendant's collection communications and abuses impacted Brian within the Northern District of Illinois.

## PARTIES

4.  Brian is a natural person residing in the Northern District of Illinois.

5.  Brian is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6.  Defendant Galbo Sims Holdings LLC is a debt collection firm with offices located at 3800 Union Road, Suite A, Cheektowaga, New York 14225.

7.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8.  Defendant is not registered with the State of Illinois as a licensed debt collector.

## FACTS SUPPORTING CAUSE OF ACTION

9.  Defendant has been attempting to collect an alleged payday loan from Brian ("payday loan").

10.  Brian has never received a payday loan from Defendant and has no relationship of any kind with Defendant.

11. Between May and June 2014, Defendant placed multiple calls to Brian's cellular phone attempting to collect the payday loan.

12. On or about May 15, 2014, a man named Joseph ("Caller 1") called Brian on his cellular phone from the number (855) 217-4635.

13. Brian received the call to his cellular phone while he was in the hospital with his wife, who at the time was in the critical care unit.

2

14. Brian's wife suffers from Guillan-Barre syndrome, a disorder affecting the peripheral nervous system. It can cause life-threatening complications.

15. Caller 1 claimed he was calling from "Asset Check Recovery Services."

16. Upon information and belief, Asset Check Recovery Services is a fictitious name used by Defendant.

17. Caller 1 initially had an aggressive tone and told Brian that he would be filing criminal charges against Brian for fraud.

18. When Brian asked what the call was regarding, Caller 1 stated that Brian had taken out a payday loan and that his "electronic check did not clear."

19. After Brian informed Caller 1 that he was at the hospital with his wife who was in the critical care unit, Caller 1 became even more hostile and threatening, stating that "the only way [for him] to avoid criminal charges was to make a payment arrangement."

20. Brian was so intimidated and terrified that he agreed to make payments on the payday loan during this conversation.

21. On May 23, 2014, Caller 1 left a voicemail on Brian's cellular phone voicemail stating that "[Brian] will be subject to an additional violation of falsifying information on a legal docket, we will have to solidify a court date for you … You have now been legally notified!"

22. On May 31, 2014, Brian received another voicemail from a man named Scott ("Caller 2"), who claimed that he was a "personal locator in the area" and that he was hired to get "service of summons" on Brian. Caller 2 stated that "as a courtesy, I can give you the filing party's phone number … (855) 217-4635."

23.  Caller 2 went on to state, "If the filing party places a stop order of service on this matter, at that point, don't worry. If I don't hear back from the filing party, we can get this out to you this afternoon."

24. Upon information and belief, Caller 2 was also associated with Defendant.

25. Plaintiff's counsel is in possession of the aforementioned voicemails left by Defendant on Plaintiff's cellular phone.

26. Out of extreme fear and pressure, Brian returned the call to the number (855) 217-4635 and reluctantly paid Defendant $250.00 for the payday loan he never received.

27. On June 5, 2014, Brian retained counsel to ensure that Defendant's abusive collection efforts ceased. That same day, Brian's counsel called Defendant and spoke with one of its representatives. In that conversation, Brian's counsel informed Defendant that Brian was represented by counsel, and advised Defendant to cease all calls to Brian.

28. On June 6, 2014, with actual knowledge that Brian was represented by counsel, Defendant again placed a call to Brian's cellular phone.

29. Aside from paying money to Defendant that Brian did not owe, Brian has suffered further actual damages as a direct result of Defendant's deceptive collection calls.

30. Brian was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect a debt that was not owed. The calls were particularly abusive and upsetting to Brian, who was busy tending to his ill wife.

31. Brian suffered extreme emotional distress, anxiety, fear, frustration, and humiliation as a direct result of Defendant's abusive collection calls as Brian believed he may be going to jail for not paying the payday loan he never obtained.

4

32. Brian has expended numerous hours and expenses consulting with his attorneys as a result of Defendant's deceptive collection calls.

## COUNT I - VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33. Brian repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Defendant violated 15 U.S.C. §1692d through its conduct, the natural consequence of which was to harass Plaintiff, by aggressively demanding payment on the payday loan that Brian never received.

35. Defendant violated 15 U.S.C. §1692d(6) by placing phone calls to Brian without disclosing the true identity of the callers.

36. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the payday loan. Brian never received the payday loan and therefore had no obligation to pay it back.

37. Defendant violated 15 U.S.C. §1692(e)(4) when it threatened Brian with criminal charges and imprisonment if he failed to pay the payday loan he did not owe.

38. Defendant violated 15 U.S.C. §1692(e)(5) by threatening to take legal action that cannot be legally taken when it threatened to file criminal charges against Brian for nonpayment of the payday loan.

39. Defendant further violated 15 U.S.C. §1692e(5) by threatening to take legal action that cannot legally be taken when it threatened to sue Brian, as an unlicensed debt collector is prohibited from filing a collection action in Illinois. Thus, even if Brian did owe the debt, Defendant would legally be able to file suit against Brian in Illinois.

40. Defendant violated 15 U.S.C. §1692(e)(7) by stating that Brian committed fraud in order to disgrace Brian.

41. Defendant violated 15 U.S.C. §1692e(11) by failing to advise Brian that the calls were from a debt collector attempting to collect a debt.

42. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect a debt when it used threats to frighten and intimidate Brian into paying Defendant for the payday loan.

43. Defendant violated 15 U.S.C. §1692f(1) by attempting to collect an amount not permitted by law when it threatened to sue Brian on the payday loan he did not owe.

44. Defendant violated 15 U.S.C. §1692c(a)(2) when it contacted Brian with actual knowledge that Brian was represented by an attorney.

45. As plead in paragraphs 29 through 32 above, Brian was harmed as a direct result of Defendant's deceptive and abusive collection actions.

WHEREFORE, Plaintiff, BRIAN DRESKY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II -VIOLATION OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

46. Brian repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

47. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a payday loan from Brian that he did not owe.

48. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

49. Brian is a consumer as defined by ICFA, 815 ILCS 505/1(e).

50. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

51. Defendant's demands for payment on the payday loan, which was not owed by Brian, represents the use of deception, fraud and false pretense in an attempt to collect a debt.

52. Defendant's threats of imprisonment for nonpayment of the payday loan represent the use of unfair and deceptive acts in an attempt to collect a debt from Brian.

53. Defendant intended that Brian rely on its deceit and misrepresentations and pay the payday loan he did not owe.

54. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

55. As plead in paragraphs 29 through 32 above, Brian was harmed as a direct result of Defendant's deceptive and abusive collection actions.

56. As such, Brian is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, BRIAN DRESKY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  awarding Brian actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c.  awarding the Brian costs and reasonable attorney fees;

d.  awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

57. Brian repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

58. The TCPA prohibits calling persons on their cellular phones, without consent, using an automatic telephone dialing system ("ATDS"). 47 U.S.C. §227(b)(1)(iii).

59. Defendant placed calls to Brain's cellular phone using an ATDS in an attempt to collect the payday loan.

60. Defendant did not have consent to call Brian regarding the payday loan, or for any other reason as Brian has no relationship of any kind with Defendant.

61. As pled in paragraphs 29 through 32 above, Brian was harmed by Defendant's collection calls to his cellular phone, in addition to incurring fees associated with the use of his cellular service.

62. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Brian for at least $500 per telephone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing

violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Brian is entitled under 47 U.S.C. §227(b)(3)(C).

63. As a result of the above violations of the TCPA, and in consideration of the willful and malicious nature of Defendant's conduct, Brian is entitled to an award of statutory and treble damages pursuant to 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, BRIAN DRESKY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Brian damages of at least $500 per phone call to be demonstrated at trial, for the underlying TCPA violations pursuant to 47 U.S.C. §227(b)(3)(B);

c. awarding Brian treble damages pursuant to 47 U.S.C. §227(b)(3)(C); and

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 16, 2014                     Respectfully Submitted,

                                           /s/ Mohammed O. Badwan
                                           /s/ Daniel J. McGarry
                                           Mohammed O. Badwan, Esq. ARDC#6299011
                                           Daniel J. McGarry, Esq. ARDC#6309647
                                           Counsel for Plaintiff
                                           Sulaiman Law Group, LTD
                                           900 Jorie Blvd, Ste 150
                                           Oak Brook, IL 60523
                                           Phone (630)575-8181
                                           Fax: (630)575-8188